990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick L. PALM, Defendant-Appellant.
 No. 92-30341.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 6, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Palm appeals his sentence, imposed under the United States Sentencing Guidelines, following his conviction for possession of a firearm not registered to him, in violation of 26 U.S.C. § 5861(d) (1988). Palm argues that his offense level should have been adjusted downward based on his minor role in the offense. We have jurisdiction under 28 U.S.C. § 1291 (1988) and 18 U.S.C. § 3742 (1988). We affirm.
 
 
 3
 We review for clear error a district court's factual determination that a defendant was not a minor participant. United States v. Zweber, 913 F.2d 705, 708 (9th Cir.1990). We review de novo a district court's legal interpretation of the Guidelines. Id.
 
 
 4
 The district court refused to decrease Palm's offense level under U.S.S.G. § 3B2.1(b), finding that Palm could not have been a minor participant in the offense of conviction because he was the sole participant. The court implicitly held that because he was convicted under 26 U.S.C. § 5861(d), Palm was ineligible as a matter of law for a downward adjustment based on his role in the offense. We review this holding de novo.
 
 
 5
 The district court did not err. A defendant who is the sole participant in the offense of conviction is not eligible for a minor participation adjustment. United States v. Valdez-Gonzalez, 957 F.2d 643, 648 (9th Cir.1992); Zweber, 913 F.2d 708-09. That the defendant might have played a minor role in uncharged or unconvicted counts does not alter this result. See United States v. Tamez, 941 F.2d 770, 777 (9th Cir.1991); but cf. United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991) (upward adjustment for leadership role not limited to role in offense of conviction).
 
 
 6
 Palm was convicted of possessing a firearm not registered to him. Although others present at the scene of the arrest arguably were joint possessors of the firearm, only Palm participated in the offense of conviction. Only Frederick Palm violated § 5861(d) by possessing a firearm not registered to Frederick Palm.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3